ANTONIO PARRILLA,

        **Plaintiff,**

-vs-                             **Case No. 6:08-cv-1967-Orl-31GJK**

ALLCOM CONSTRUCTION &
INSTALLATION SERVICES, LLC,

        **Defendant.**

_____

## ORDER

      This matter came before the Court without oral argument upon consideration of Plaintiff's,

Antonio Parrilla, Motion for Conditional Class Certification (the "Motion") (Doc. 16), and

Defendant's, Allcom Construction & Installation Services, LLC ("Defendant"), response in

opposition thereto (the "Response") (Doc. 17).

## I. Overview

      Plaintiff brought this Fair Labor and Standards Act ("FLSA")[1] suit on November 20, 2008,

alleging, *inter alia*, that Defendant routinely failed to pay Plaintiff and other similarly situated

employees their overtime pay in accordance with 29 U.S.C. §§ 207 and 215 (Doc. 1). Specifically,

Plaintiff alleges that he and other employees routinely worked in excess of forty (40) hours per

week but were compensated at a rate that was less than one and one-half times their regular rate of

---

[1]*See generally* 29 U.S.C. § 201 *et seq*.

pay (Doc. 1, ¶ 10). Plaintiff now moves this Court to conditionally certify this case as a collective

action pursuant to 29 U.S.C. § 216(b) (Doc. 16).

In its Response, Defendant contends that conditional certification is improper because

Plaintiff has failed to include any supporting affidavits from similarly situated employees.

Furthermore, Defendant argues that Plaintiff is not – and never has been – an employee of the

Defendant (Doc. 17).

The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## II.  Standard of Review

The decision to conditionally certify a collective FLSA action lies within the sound

discretion of the Court. *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001).

In pertinent part, 29 U.S.C. § 216 provides:

> Any employer who violates the provisions of section 206 or section 207 of this title shall
> be liable to the employee or employees affected in the amount of their unpaid minimum
> wages, or their unpaid overtime compensation . . . An action to recover the liability
> prescribed in either of the preceding sentences may be maintained against any employer . . .
> by any one or more employees for and in behalf of himself or themselves and other
> employees similarly situated.  No employee shall be a party plaintiff to any such action
> unless he gives his consent in writing to become such a party and such consent is filed in
> the court in which such action is brought.

29 U.S.C. § 216(b).

Within the Eleventh Circuit, district courts are encouraged but not required to adopt a two-

tiered approach to certification of classes in an FLSA case. *Hipp*, 252 F.3d at 1219 (11th Cir.

2001).  Under this two-tiered approach, the court's initial decision to certify a class often comes

early in the case.  At the first tier, the Court's certification decision is based primarily on pleadings

and affidavits, and the Court applies a "fairly lenient standard" in determining whether the

plaintiffs are similarly situated. *Anderson v. Cagle's Inc.*, 488 F.3d 945, 953 (11th Cir. 2007).

The named plaintiff, however, carries the burden of demonstrating that notice of the action should

be given to other employees. Although this burden is low and can often be met by "detailed

allegations supported by affidavits," *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir.

1996), it is not "invisible" and cannot be based on the conclusory allegations of a few employees.

*Brooks v. Rainaldi Plumbing, Inc.*, Case No. 06-CV-631, 2006 WL 3544737, at * 2 (M.D. Fla.

Dec. 8, 2006); *see also Simpkins v. Pulte Home Corp.*, Case No. 08-CV-130, 2008 WL 3927275,

at * 2 (M.D. Fla. Aug. 21, 2008).

### III. Analysis

As noted, *supra*, Defendant raises two arguments in opposition to Plaintiff's Motion. First,

Defendant notes that the Motion is not supported by any affidavits from any similarly situated

employees (Doc. 17 at 2).[2] Second, Defendant contends that Plaintiff is not and never has been

one of Defendant's employees (Doc. 17 at 1). In support of this second line of argument,

Defendant relies on the affidavit of John Muller, Defendant's managing member (Doc. 17-2, ¶ 1).

According to Mr. Muller, Plaintiff is the managing member of Computer Solutions and

Consulting, LLC ("Plaintiff's Company"), a Florida limited liability company which had a

contractual relationship with Defendant (Doc. 17-2, ¶ 3). Pursuant to that contract,[3] Plaintiff's

---

[2]Plaintiff did file two standardized "Consent to Join" forms signed by potential opt-in plaintiffs Evilio Mesa and Jose Ayala (Docs. 2-2 and 2-3). Contrary to Plaintiff's characterization of these forms, however, neither form demonstrates (or even suggests) that Evilio Mesa or Jose Ayala "had sufficiently similar job requirements and were subject to similar pay provisions" as Plaintiff (Doc. 16 at 5).

[3]Although Mr. Muller's affidavit states that a copy of the agreement between Defendant and Plaintiff's Company is attached to his affidavit (Doc. 17-2, ¶ 3), the agreement was not actually

Company agreed to perform certain cable television and other cable-related installation services

for Defendant (Doc. 17-2, ¶¶ 2-3, and 5). Furthermore,

> At the time Allcom contracted with [Plaintiff's Company], Parrilla provided Allcom with a
> copy of the articles of organization of [Plaintiff's Company], a copy of the occupational
> license for [Plaintiff's Company], and a copy of the notice of election to be exempted from
> worker's compensation laws signed by Parrilla on behalf of [Plaintiff's Company] . . .
> Allcom relied on the existence of these documents to establish the fact that [Plaintiff's
> Company] was an entity separate and apart from Parrilla, and would not have entered into a
> contractual relationship with either [Plaintiff's Company] or Parrilla but for the
> representations that Parrilla was to perform services only as a managing member of
> [Plaintiff's Company]. **At no time did Allcom employee [sic] Parrilla**.

(Doc. 17-2, ¶ 4) (emphasis added).

Upon review, Plaintiff's Motion is without merit. Notwithstanding the issues raised by Mr.

Muller's affidavit, Plaintiff failed to file any affidavits from similarly situated employees.

Plaintiff's Motion rests solely on the conclusory allegations and affidavit of Plaintiff himself. In

the absence of any detailed allegations supported by affidavits, conditional class certification is not

warranted at this time. Accordingly, Plaintiff's Motion will be denied.

Irrespective of Plaintiff's failure to include supporting affidavits from other employees, the

averments in Mr. Muller's affidavit are disturbing. Assuming these averments are true, Plaintiff

was clearly never an employee of Defendant and this entire FLSA lawsuit is not "warranted by

existing law." FED. R. CIV. P. 11. Plaintiff's counsel had an ethical obligation to ensure that the

factual allegations in the Complaint had "evidentiary support" prior to filing suit. *Id.* Mr.

Muller's affidavit calls into substantial doubt whether any pre-suit investigation occurred in this

case. Accordingly, the Court will direct Defendant to file the supporting documentation that was

---

attached to the affidavit or otherwise filed with the Court.

supposed to be attached to Mr. Muller's affidavit. Upon review of that documentation, the Court will determine whether to issue an Order to Show Cause to Plaintiff's counsel.[4]

**IV. Conclusion**

In consideration of the foregoing, it is hereby **ORDERED** that Plaintiff Antonio Parrilla's Motion for Conditional Class Certification(Doc. 16) is **DENIED** without prejudice.

It is **FURTHER ORDERED** that by no later than Wednesday, May 27, 2009, Defendant, Allcom Construction & Installation Services, LLC, shall file the attachments to Mr. John Muller's affidavit (Doc. 17-2).

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 22, 2009.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

---

[4]If Plaintiff and his counsel do not dispute the averments in Mr. Muller's affidavit and now concede that Plaintiff was never an employee of Defendant, Plaintiff would do well to carefully consider taking a voluntary dismissal.